# PHILLIPS DAYES

LAW FIRM

*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Dyann Briley; Erik Gomez; Angilena Mathis; Debra Milk; Dan Watson; and William Whitaker <br><br> Plaintiffs, <br><br> vs. <br><br> Valley Medtrans, Inc., an Arizona Corporation, doing business as Valley Medtrans, an Arizona registered tradename; Abdullah Talib and Jane Doe Talib, husband and wife <br> Defendant | Case No.: _____ <br><br> **COMPLAINT** |

Plaintiffs for their Complaint against Defendant, allege as follows:

## NATURE OF THE CASE

1.     The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2.      Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3.      Plaintiffs bring this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4.      The Fair Labor Standards Act (FLSA) is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

5.      Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

6.      Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for

1    hours worked over forty (40) hours per week.

2        7.    Plaintiffs seeks to recover unpaid overtime compensation and an equal

3    amount of liquidated damages, including interest thereon, statutory penalties, attorneys'

4    fees, and costs pursuant to 29 U.S.C. § 216(b).

5                        **JURISDICTION AND VENUE**

6        8.    This Court have jurisdiction over the subject matter and the parties hereto

7    pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8        9.    The Court also has supplemental jurisdiction over the state law claims.

9        10.   Venue is proper under 28 U.S.C. § 1391(b) because Defendant reside within

10   the State in which this District Court is located and because a substantial part of the

11   events or omissions giving rise to this matter occurred in this District.

12       11.   The named Defendants, by virtue of their own acts and omissions or by

13   virtue of the acts and omissions committed by one or more of their agents, employees or

14   representatives, as described herein, have conducted business or caused events to occur

15   within the District of Arizona and, more particularly, within Maricopa County, Arizona,

16   as more particularly described herein so as to give rise to both subject matter and

17   personal jurisdiction of this Court.

18                              **PARTIES**

19       12.   Plaintiffs are all residents of Maricopa County, Arizona.

20       13.   At all times material hereto, Valley Medtrans, Inc. was incorporated in the

21   state of Arizona with its principal place of business in Maricopa County.

22       14.   Valley Medtrans is an Arizona Registered Tradename registered with the

23

24

25

Arizona Secretary of State and wholly owned by Valley Medtrans, Inc.

15.     Upon information and belief, at all times material hereto, Defendant Abdullah Talib, was and continues to be a resident of Maricopa County, Arizona.

16.     Jane Doe Talib is Abdullah Talib's wife.  Abdullah Talib and Jane Doe Talib have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

17.     Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants Abdullah Talib and Jane Doe Talib were and are the owners of Valley Medtrans, Inc.

### FACTUAL BACKGROUND AS TO VALLEY MEDTRANS

18.     Valley Medtrans, Inc. operates Valley Medtrans which is a full service medical transportation provider.

19.     Valley Medtrans, Inc. is not a motor carrier.

20.     Valley Medtrans, Inc. is not governed by the Secretary of Transportation or the U.S. Department of transportation.

21.     The Secretary of Transportation cannot exercise power over Valley Medtrans, Inc.

### FACTUAL BACKGROUND AS TO ALL PLAINTIFFS EXCEPT PLAINTIFF BRILEY

22.     All Plaintiffs were hired as medical transport drivers.

23.     Defendant hired Plaintiff Erik Gomez in August of 2014.

24.     Defendants hired Plaintiff Mathis in September of 2015.

25.     Defendants hired Plaintiff Milk in May of 2014.

26.   Defendants hired Plaintiff Watson in November of 2014.

27.   Defendants hired Plaintiff Whitaker in August of 2014.

28.   Each Plaintiff was paid an hourly rate of $10 per hour.

29.   Plaintiffs would average approximately 50-60 hours per week every week in which they worked their full schedule.

30.   Defendants had a policy in which it would only compensate Plaintiffs while they were actively transporting a patient.

31.   Plaintiffs would not be compensated for their time traveling to a patient.

32.   Plaintiffs would not be compensated for their time waiting for a patient during the patient's appointment.

33.   Plaintiffs would not be compensated for their time traveling back to Defendant's office after a transport was completed.

34.   Since Plaintiffs were not compensated for any time other than the time in which they were actively driving a patient, Plaintiffs were being deprived of 10-20 hours of overtime each week.

35.   All transports Plaintiffs performed were intrastate, none occurred outside of Arizona.

## **FACTUAL BACKGROUND AS TO PLAINTIFF BRILEY**

36.   Plaintiff Briley was hired by Defendants in April of 2014 as an assistant to Defendant Talib.

37.   Plaintiff Briley was paid an hourly rate of $13 per hour.

38.   Plaintiff Briley's regular schedule consisted of five days per week an approximately nine hours per day.

39.   Defendants would force Plaintiff Briley to clock out for lunch even though she consistently worked through her lunch.

40.   Any week in which Plaintiff Briley's time sheets showed overtime, Defendant Talib would log on to the computer time sheet and manually dock hours so that Plaintiff Briley never was compensated for more than forty hours in a week when she consistently worked 41-45 hours each and every week.

## GENERAL FACTUAL ALLEGATIONS

41.   Plaintiffs were non-exempt employees.

42.   Plaintiffs had no supervision or management responsibilities.

43.   Plaintiffs could neither hire nor fire employees.

44.   Plaintiffs had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out their job responsibilities.

45.   Defendant managed, supervised, and directed all aspects of Plaintiffs' job duties and responsibilities.

46.   Plaintiffs' primary duties were not the performance of work directly related to the management or general business operations of Valley Medtrans, Inc. or its' customers.

47.   Plaintiffs' primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

48.   Plaintiffs did not perform work requiring advanced knowledge.

49.   Plaintiffs' primary duties were not managing Defendant's enterprise or managing a department of subdivision of Defendant's enterprise.

50.   This occurred to each and every Plaintiff every week in which they were in the employ of Defendants and were scheduled to drive on tours.

51.   At all relevant times, Plaintiffs were employees of Valley Medtrans Inc.

52.   The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

53.   At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

54.   Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

55.   All Defendants are co-equally liable for all matters.

56.   Defendant Abdullah Talib is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

57.   Defendant Abdullah Talib made all decisions on the daily activities of his employees.

58.   Defendant Abdullah Talib makes all decisions regarding pay policies for Valley Medtrans, Inc.

59.   Defendant Abdullah Talib exerted financial control over Valley Medtrans, Inc.

60.   Defendant Abdullah Talib exerted operative control over Valley Medtrans, Inc.

61.   Defendant Abdullah Talib has the power to close Valley Medtrans, Inc.

62.   Defendant Abdullah Talib has the power to hire and fire employees.

63.   Defendant Abdullah Talib hired managerial employees.

64.   On information and belief, Defendant Abdullah Talib maintained employment records.

65.   Defendant Abdullah Talib profited from the FLSA violations detailed in this complaint.

66.   At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

67.   On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

68.   Plaintiffs have retained the law firm of Phillips Dayes National Employment Law Firm to prosecute their claims against Defendant on their behalf and have agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**

**<u>OVERTIME VIOLATION—29 U.S.C. § 206</u>**

69.   Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

70.   While employed by Defendants, Plaintiffs regularly worked multiple hours of overtime per week.

71.   Defendants have intentionally and willfully failed and refused to pay Plaintiffs overtime according to the provisions of the FLSA.

72.   On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with 29 U.S.C. § 207.

73.   As the direct and proximate result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

74.   Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiffs for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

75.   In addition to the amount of unpaid wages owed to Plaintiffs, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

76.   On information and belief, Defendants' conduct in failing to properly compensate Plaintiffs, in violation of the FLSA, was willful.

77.   Defendants have not made a good faith effort to comply with the FLSA. Plaintiffs have been required to bring this action to recover their overtime compensation, and their statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

a.  Awarding Plaintiffs overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiffs' regular rate of pay while at work for Defendants, in an amount proved at trial;

b.  Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

c.  Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e.  Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f.  For such other and further relief as the Court deems just and proper.

**COUNT TWO**
**DECLARATORY JUDGMENT**

78.  Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

79.  Plaintiffs and Defendants have an overtime compensation dispute pending.

80.  The Court have jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

81.   Plaintiffs are entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

      a.  Defendants employed Plaintiffs.

      b.  Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

      c.  Plaintiffs individually are covered by the overtime provisions of the FLSA.

      d.  Plaintiffs are not exempt employees pursuant to the FLSA.

      e.  Defendants failed and refused to make payments of overtime compensation to Plaintiffs, in violation of the provisions of the FLSA.

      f.  Defendants' failures to pay overtime compensation to Plaintiffs were willful.

      g.  Plaintiffs are entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiffs' regular rate of pay.

      h.  Plaintiffs are entitled to an equal amount as liquidated damages.

      i.  Plaintiffs are entitled to recover their costs and a reasonable attorney's fee incurred in prosecuting their claim.

82.   It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

83. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

    a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

    b. Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

    **c.** For such other and further relief as the Court deems just and proper

Dated: April 5, 2016

Respectfully submitted,

**PHILLIPS DAYES LAW FIRM  PC**

By: /s/ Trey Dayes
        Trey Dayes
        Sean Davis
        Attorney for Plaintiffs