WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dyann Briley, et al., | No. CV-16-00941-PHX-ESW |
| Plaintiffs, | **ORDER** |
| v. | |
| Valley Medtrans Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss for Failure to Prosecute ("Motion to Dismiss") (Doc. 65). No response has been filed and the time to do so has passed. *See* LRCiv 7.2(c) (providing that a response must be filed within fourteen days after service of the motion). The matter is deemed submitted for decision. The parties have consented to proceeding before a Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C.§ 636(c) (Doc. 23). The Federal Court has jurisdiction pursuant to 28 U.S.C.§ 1331.

Defendants move to dismiss all claims alleged by Plaintiffs Erik Gomez and Dan Watson in their Complaint (Doc. 1) filed April 5, 2016 on the basis of failure to prosecute pursuant to Fed. R. Civ. P. 41(b). On August 14, 2017 Plaintiffs' counsel filed a Motion to Withdraw as Counsel, stating "a conflict has developed between Plaintiffs and counsel has been unsuccessful in receiving the aid needed from Plaintiff[s] to fully prosecute their claims." (Doc. 46 at 1-2). The Court granted counsels' Motion to Withdraw as Counsel

(Doc. 52). Since that time, Plaintiffs Erik Gomez and Dan Watson have been unrepresented, and Defendants have been unable to contact Plaintiffs Gomez and Watson. In addition, Plaintiffs Gomez and Watson have failed to respond to all Defendants' discovery requests, including requests for admission which are now deemed admitted. *See* Fed. R. Civ. P. 36(a) (3). Mail to Plaintiff Gomez has been returned as undeliverable, and his phone is disconnected.

## I. DISCUSSION

"A district court has discretion to adopt local rules. . . . Those rules have 'the force of law.'" *Hollingsworth v. Perry*, 558 U.S. 183 (2010) (citation omitted). Hence, both the parties and the Court are bound by the local rules. LRCiv. 83.3(c) (1) ("Anyone appearing before the court is bound by these Local Rules."); *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). A district court's departure from its local rules is justified only if the effect is "so slight and unimportant that the sensible treatment is to overlook [it]." *Id*. (internal quotation marks and citation omitted).

Defendants filed their Motion to Dismiss (Doc. 65) on December 15, 2017. Plaintiffs failed to respond. LRCiv 7.2(i) provides that "if the unrepresented party …does not …file the required answering memoranda,…such non-compliance may be deemed a consent to the …granting of the motion and the Court may dispose of the motion summarily." On this basis alone, the Court summarily may grant Defendants' motion. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to comply with local rules is a proper ground for dismissal).

Plaintiffs have the general duty to prosecute their case. *See Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). A plaintiff's failure to keep the Court informed of his address constitutes a

failure to prosecute. A plaintiff's failure to participate in discovery may also be deemed a failure to prosecute.

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a pleading for failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633.

In determining whether Plaintiffs' failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff Gomez' failure to keep the Court informed of his current address prevents the case from proceeding in the foreseeable future. Both Plaintiffs' failure to participate in properly noticed discovery also prevents the case from proceeding. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as adjudication upon the merits "[u]nless the dismissal order states otherwise." The Court may dismiss the case without prejudice.

failure to prosecute. A plaintiff's failure to participate in discovery may also be deemed a failure to prosecute.

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a pleading for failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633.

In determining whether Plaintiffs' failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff Gomez' failure to keep the Court informed of his current address prevents the case from proceeding in the foreseeable future. Both Plaintiffs' failure to participate in properly noticed discovery also prevents the case from proceeding. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as adjudication upon the merits "[u]nless the dismissal order states otherwise." The Court may dismiss the case without prejudice.

In this case, the Court finds that a dismissal with prejudice would not be unnecessarily harsh as requests for admissions now deemed admitted establish that Plaintiffs cannot meet their burden of proof in the underlying claims alleged. Plaintiffs Gomez and Mr. Watson can no longer contest that they were paid all amounts owed while employed by Defendants.

## II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** granting Defendants' Motion to Dismiss (Doc. 65). The claims of Plaintiffs Gomez and Watson are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court terminate the case.

Dated this 9th day of February, 2018.

_____
Eileen S. Willett
United States Magistrate Judge